51 CCPA

**Application of Alan J. LEMIN.**

**Patent Appeal No. 7139.**

United States Court of Customs and Patent Appeals.

June 11, 1964.

George T. Johannesen, Kalamazoo, Mich. (Eugene O. Retter, Kalamazoo, Mich., of counsel), for appellant.

**840**

Clarence W. Moore, Washington, D. C. (J. E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

WORLEY, Chief Judge.

Lemin appeals from the board's affirmance of the rejection of claims 1, 11 to 14 and 19 of his application [1] for a patent entitled "Compositions of Matter and Method."

The invention relates to herbicidal compositions and method for controlling the growth of undesired vegetation by applying the compositions to the locus to be treated. The active ingredient in those compositions is a benzoic acid ester having an ether group on the phenyl ring.

Claims 1 and 11 read:

"1. A method of controlling undesired vegetation which comprises applying to the vegetation, in an amount sufficient to exert a herbicidal effect, a compound having the formula

wherein R and $R_1$ represent lower aliphatic hydrocarbon radicals, selected from the class consisting of alkyl having from 1 to 11 carbon atoms, inclusive, alkenyl having from 3 to 11 carbon atoms, inclusive, alkynyl having from 2 to 11 carbon atoms, inclusive, cycloalkyl having from 4 to 11 carbon atoms, inclusive, and cycloakenyl having from 5 to 11 carbon atoms, inclusive, such that the total number of carbon atoms in the radicals R and $R_1$ is not less than five and not more than twelve.

"11. A herbicidal composition comprising a herbicidally effective amount of n-butyl 2-allyloxy-benzoate, a surfactant and a carrier."

The sole reference is a patent to Jones, 2,394,916, dated February 12, 1946.

Jones discloses the selective killing of "weeds," a term which he defines broadly as "a plant which persists in growing where it is not wanted" by applying thereto a herbicidal composition. The active ingredient in Jones' herbicidal composition includes "the phenyl, naphthyl, tetralyl and anthracene monocarboxylic aliphatic acids, their esters and salts. The ring portion of the compounds may contain one or more substituents such as halogen, hydroxyl, $NH_2$ $HSO_3$, $NO_2$, or an alkyl or alkylene group such as for instance methyl, ethyl, propyl, butyl, methoxy and ethoxy." Jones proceeds to exemplify the acids and esters that are intended for use. It is clear that Jones broadly discloses the instant compounds, as defined in claims 1 and 11. He also suggests use of lower alkoxy substituents on the ring.

The compounds of claims 1 and 19 are limited, however, by the total number of carbon atoms that the ester and ether substituents may possess, namely 5 to 12 carbon atoms. Composition claims 11 to 14 employ specific compounds which comply with the foregoing 5 to 12 carbon atom limitations.

Thus the issue is whether the limitation on the total number of carbon atoms in the substituents of those compounds is critical.

Lemin submitted an affidavit of Steinhards to establish that the 5 to 12 carbon atom limitation is critical. Steinhards tested various compounds wherein the total number of carbon atoms in the substituents varied from 3 to 23. The tests were performed on crabgrass in the presence of rye, fescue and bluegrass. Steinhards found that when the carbon atoms in the substituents totaled between 5 and 12 the herbicidal compositions proved effective against crabgrass without injuring the desired rye, fescue and bluegrass. When the total number of carbon atoms

1. Serial No. 747,362, filed July 9, 1958.

fell below 5 or above 12, the compounds "exhibited no significant herbicidal activity against crabgrass."

After considering the affidavit the examiner allowed all claims directed to the control of crabgrass. The rejection of the instant claims was maintained, however, because there was no showing of criticality in the number of carbon atoms limitation when the compounds were applied to all other undesired plants falling within the generic disclosure of Jones.

The position of the Patent Office is, essentially, that Lemin has done no more than pluck a subgenus out of a generic disclosure by Jones, and has used that subgenus in precisely the manner taught by Jones.

Generally speaking, there is nothing unobvious in choosing "some" among "many" indiscriminately. In re Rosicky, 276 F.2d 656, 47 CCPA 859. Here, however, the choice is based on a discovery by Lemin that some compounds, falling within a prior art genus, have a special significance. In short, Lemin has found that when the total number of carbon atoms in the ester and alkoxy substituents is within the range of 5 to 12, the compounds involved will have selective and potent herbicidal action. Furthermore, in the absence of art showing that crabgrass is different from white clover, oxalis, chickweed, or any other plant, there is no basis upon which to restrict the showing of Steinhards. That is, Steinhards' affidavit establishes the criticality of the total number of carbon atom limitation with respect to crabgrass. The application and the claims affirmatively set up an equivalence between crabgrass and all other "undesired vegetation"[2] insofar as the herbicidal effectiveness of the instant compounds are concerned. The examiner cited no art, and the board referred to none, which would show that proof of criticality with respect to crabgrass was in-

sufficient with respect to other undesired vegetation.

Therefore, on this record, we feel obliged to hold that the Steinhards' affidavit with respect to crabgrass is equally applicable to other undesired vegetation and satisfactorily establishes that the 5 to 12 carbon atom limitation is a critical factor in the herbicidal activity of the instant compounds. Since there is nothing in the cited art to suggest the criticality of that range, we do not find that limitation obvious.

The rejection of claims 1, 11 to 14 and 19 is reversed.

Reversed.

---

2. For example, claim 19 incorporates a Markush group of the following undesired vegetation:

" * * * Crabgrass, white clover, oxalis, chickweed, foxtail, and *Poa annua*, * * *."